*E-FILED - 5/30/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID LITMON, JR., | ) | No. C 05-3065 RMW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL; GRANTING MOTION FOR REDUCTION IN FILING FEE |
| vs. | ) | |
| SANTA CLARA COUNTY SUPERIOR COURT JUDGE PAUL BERNAL, et al., | ) | (Docket No. 13) |
| Defendants. | ) | |

Plaintiff, a civil detainee at Coalinga State Hospital under California's "Sexually Violent Predators Act" (California Welfare & Institutions Code § 6600 et. seq.) ("SVPA"), filed a pro se civil rights complaint under 42 U.S.C. § 1983. The court notes that plaintiff is not a "prisoner" subject to the provisions of the Prisoner Litigation Reform Act. See Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). The court has reviewed the complaint and dismisses the complaint for failure to state a cognizable claim for relief.

**BACKGROUND**

Plaintiff was initially committed as an SVP in May 2000 in Santa Clara County Superior Court. The Santa Clara County District Attorney filed two petitions to extend such commitment, in 2002 and 2004 respectively. Defendant Hey is a Deputy District

1  Attorney who, while these petitions were pending, filed a motion to consolidate such
2  petitions on March 8, 2004.  Defendant Bernal, a Superior Court Judge, granted the
3  motion to consolidate on April 2, 2004, and plaintiff filed a petition for a writ of mandate
4  challenging this ruling.  On May 19, 2004, the California Court of Appeal stayed all
5  proceedings in Bernal's court pending resolution of the writ of mandate.  Plaintiff alleges
6  that on May 21, 2004, Bernal and Hey "met secretly off the record," and Bernal ordered
7  that plaintiff be transferred from Santa Clara County Jail to Atascadero State Hospital
8  ("ASH").  Plaintiff alleges that defendants Jon Does 1 and 2 were officers of the Sheriff's
9  Department who transported plaintiff from the jail to ASH pursuant to a minute order of
10 from Santa Clara County Superior Court.

## DISCUSSION

### A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).

### B.   Plaintiff's Claims

#### 1.   Defendants Bernal and Hey

Plaintiff claims that Bernal and Hey violated his Fourth Amendment rights by "secretly" meeting and ordering plaintiff's transfer from the county jail to ASH.

Bernal, as a state court judge acting in his judicial capacity, is absolutely immune from liability on plaintiff's claims.  A state judge is absolutely immune from civil liability

1  for acts performed in his judicial capacity.  See Pierson v. Ray, 386 U.S. 547, 553-55
2  (1967).  Bernal's actions complained of here, meeting with the prosecutor and ordering
3  plaintiff's transfer from jail to the state hospital, were performed in his judicial capacity
4  insofar as they are functions normally performed by a judge.  See Stump v. Sparkman,
5  435 U.S. 349, 362 (1978); see, e.g., Mireles v. Waco, 502 U.S. 9, 11-13 (1991) (judge's
6  direction to court officers to forcibly bring person before him is function normally
7  performed by judge and taken in aid of judge's jurisdiction over matter before him).
8  Plaintiff's allegations that the judge's order was illegal and in excess of his authority do
9  not preclude him from liability from damages on plaintiff's claims.  "A judge will not be
10 deprived of immunity because the action he took was in error, was done maliciously, or in
11 excess of his authority."  Stump, 435 U.S. at 356-57; Mireles, 502 U.S. at 11 (judicial
12 immunity is not overcome by allegations of bad faith or malice). Accordingly, plaintiff's
13 allegations fail to state a cognizable claim against defendant Bernal.
14        Defendant Hey is also immune from liability because he was performing his role
15 as an advocate before the court.  A prosecutor performing an advocate's role is an officer
16 of the court entitled to absolute immunity.  See Buckley v. Fitzsimmons, 509 U.S. 259,
17 272-73 (1993). Prosecutors therefore are absolutely immune from liability for their
18 conduct as  "advocates." Id.; Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (prosecutor
19 absolutely immune from liability for the knowing use of false testimony at trial).
20 Prosecutors are entitled only to qualified, not absolute, immunity, however,  when they
21 perform administrative or investigatory, rather than advocacy, functions.  See Kalina v.
22 Fletcher, 522 U.S. 118, 122-31 (1997).  Here, Hey is alleged to have met with the judge
23 and caused the judge to issue an order transferring plaintiff from county jail to ASH.  To
24 whatever extent Hey caused Bernal to order plaintiff's transfer, this was not an
25 administrative or investigatory task, but rather an action Hey took as an advocate insofar
26 as it is "intimately associated with" the judicial phase of the commitment proceedings.
27 Imbler, 424 U.S. at 430;  See, e.g., Goldstein v. City of Long Beach, 481 F.3d 1170,
28 1175-76 (9th Cir. 2007) (finding that district attorney and chief deputy were not entitled

1  to absolute immunity for their failure to adequately train and supervise subordinates to
2  fulfill their constitutional obligation of ensuring that information regarding jail-house
3  informants was shared among prosecutors in their office); Botello, 413 F.3d at 977-78
4  (prosecutors' communications to police department in an effort to dissuade it from hiring
5  plaintiff and their communications demanding that plaintiff be barred from any stage of
6  the investigative process not intimately connected with the judicial process and therefore
7  not entitled to absolute immunity); Genzler v. Loganbach, 410 F.3d 630, 643-44 (9th Cir.
8  2005) (reversing denial of absolute immunity to supervisors of District Attorney's office
9  where conduct alleged in complaint amounted to advocacy functions as set forth in
10 Imbler).  As the alleged actions of Hey of which plaintiff complains were in Hey's role as
11 an advocate before the court,  Hey is entitled to immunity from plaintiff's claims.
12 Accordingly, plaintiff's clams against Hey must be dismissed.

13      2.      Doe Defendants

14      Plaintiff claims that the two Doe defendants, officers of the Santa Clara County
15 Sheriff's Department, violated his Fourth Amendment rights because they transported
16 him to ASH pursuant to an "illegal" order from Judge Bernal.  Liability may be imposed
17 on an individual defendant under section 1983 if the plaintiff can show that the defendant
18 proximately caused the deprivation of a federally protected right.  See Leer v. Murphy,
19 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th
20 Cir. 1981).  A person deprives another of a constitutional right within the meaning of
21 section 1983 if he does an affirmative act, participates in another's affirmative act or
22 omits to perform an act which he is legally required to do, that proximately causes the
23 deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633.  Here, the only
24 allegations against the officers are that they implemented Judge Bernal's order to
25 transport plaintiff to ASH.  There is nothing unlawful about the officers fulfilling their
26 duties to implement orders of the superior court.  To the extent the order may have
27 violated plaintiff's constitutional rights, it would be Judge Bernal who proximately
28 caused such a violation by issuing the order, not the officers who merely implemented it.

P:\pro-se\sj.rmw\cr.05\Litmon065.disftsc

1  Accordingly, plaintiff's allegations do not state a cognizable claim for relief against the
2  two officers identified in the complaint as Doe defendants.

### CONCLUSION

For the reasons stated above, the instant action is hereby DISMISSED for failure to state a cognizable claim for relief. The clerk shall enter judgment and close the file.

Plaintiff's motion (docket no. 13) for reduction of partial payment of filing fee is GRANTED. Plaintiff shall pay a partial filing fee of $5.00 **within thirty days** of the date of this order. Plaintiff shall include with his payment a clear indication that it is for this case number, C 05-3065 RMW (PR).

This order terminates Docket No. 13.

IT IS SO ORDERED.

DATED: __5/23/08_____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal; Granting Motion for Reduction in Partial Filing Fee
P:\pro-se\sj.rmw\cr.05\Litmon065.disftsc